UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

BARRY WHITAKER,

        Defendant.

**DECISION AND ORDER**

6:17-CR-06156 EAW

## I.    **INTRODUCTION**

Defendant Barry Whitaker ("Defendant") stands accused by way of a five-count Indictment returned on November 7, 2017, with the following: (1) Possession of Heroin with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (2) Possession of Cocaine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (3) Possession of a Firearm in Furtherance of Drug Trafficking Crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i); (4) Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (5) Possession of a Controlled Substance (marijuana) in violation of 21 U.S.C. § 844(a). (Dkt. 10). All crimes are alleged to have occurred on February 3, 2017, when Defendant was stopped in a vehicle he was operating by law enforcement employed by the Elmira Police Department ("EPD"). Defendant moved to suppress evidence and statements obtained by the EPD. (Dkt. 16).

After conducting an evidentiary hearing, United States Magistrate Judge Jonathan W. Feldman[1] issued a thorough Report and Recommendation on September 21, 2018, recommending that Defendant's suppression motion be denied. (Dkt. 36). Familiarity with that Report and Recommendation is assumed for purposes of this Decision and Order.

Defendant timely filed objections to the Report and Recommendation on October 1, 2018 (Dkt. 37), and the Government filed a response on October 19, 2018 (Dkt. 40). Oral argument was held before the undersigned on November 2, 2018, at which time the Court reserved decision and took the matter under advisement. For the reasons set forth below, the Court denies Defendant's suppression motion and adopts the Report and Recommendation in its entirety.

## II. STANDARD OF REVIEW

A district court reviews any specific objections to a report and recommendation on a dispositive issue, such as a motion to suppress, under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

---

[1] The Court referred pretrial matters to Judge Feldman pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Dkt. 13).

In conducting its *de novo* review, the district court must give appropriate deference to the credibility determinations made by the magistrate judge who conducted an evidentiary hearing and observed the witness testimony. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) (district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings); *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) (holding that "without an evidentiary hearing, the District Court could not reject the Magistrate Judge's proposed credibility finding"); *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013) ("The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings."); *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) ("The district court, however, may not reject the magistrate judge's credibility findings without conducting an evidentiary hearing at which the district court has the opportunity to observe and evaluate witness credibility in the first instance.").

## III. LAWFULNESS OF THE TRAFFIC STOP

Judge Feldman concluded in his Report and Recommendation that the anonymous, non-predicative tip received by the EPD concerning alleged narcotics trafficking was insufficient to establish probable cause or reasonable suspicion for the stop of the vehicle operated by Defendant.[2] (Dkt. 36 at 21). However, Judge Feldman concluded that Officer

---

[2] The Government had argued to Judge Feldman that the tip provided a basis separate from the alleged traffic infraction to justify the stop, but the Government has not objected to Judge Feldman's rejection of that argument.

Raymond credibly testified that he observed Defendant violate New York Vehicle and Traffic Law § 1163 which requires that drivers signal a turn at least 100 feet before an intersection. (*Id.* at 23-26); *see* N.Y. Veh. & Traf. Law § 1163(b) ("A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning."). Although acknowledging that Officer Raymond's motivation for stopping Defendant's vehicle "had absolutely nothing to do with enforcing New York's vehicle and traffic laws," Judge Feldman recognized that Supreme Court precedent precluded consideration of the pretextual nature of a traffic stop when an officer observes an actual violation of the vehicle and traffic law. (Dkt. 36 at 23 (citing *Whren v. United States*, 517 U.S. 806, 811-12 (1996))). Judge Feldman had an opportunity to observe Officer Raymond's live testimony, and he concluded that "[h]is testimony was unequivocal, explicit and made under penalty of perjury" and that Defendant's efforts to discredit Officer Raymond's testimony "were not persuasive." (*Id.* at 24).

In his objections, Defendant challenges Judge Feldman's credibility determination, and argues that the evidence does not support Officer Raymond's testimony that he observed a traffic violation. (*See* Dkt. 37 at 13-14). This Court has conducted a careful review of the transcripts from the evidentiary hearing, as aided by the oral argument held in this matter on November 2, 2018, and it has also reviewed the exhibits that were admitted into evidence at the suppression hearing. Based upon the Court's *de novo* review, it agrees with Judge Feldman's conclusion that Officer Raymond unequivocally and plainly testified that he observed the traffic violation occurring at the intersection of College Avenue and

West Clinton Street—namely, Defendant's "vehicle was already stopped at the stop sign prior to activating its turn signal." (Dkt. 21 at 57). Defendant's efforts to discredit Officer Raymond during cross-examination, based on this Court's review of the transcript, were unpersuasive. In fact, Officer Raymond was never questioned during cross-examination about his ability (or inability) to observe the traffic violation from where he was situated. At best, Defendant's counsel created some confusion during the cross-examination (*see id.* at 86-87), but this Court agrees with Judge Feldman that Officer Raymond's testimony that he observed a violation of § 1163 of the Vehicle and Traffic Law, was not discredited. (*See* Dkt. 36 at 24-26 (rejecting Defendant's arguments that there were inconsistencies in Officer Raymond's testimony or between Officer Raymond's and Officer Zelko's testimony, concluding that Ms. Francati's reenactment was premised on flawed assumptions, and finding that it was credible that Officer Raymond could observe the traffic violation even though he was a block or a block and a half away)). Indeed, Officer Zelko's testimony that he did not observe the traffic violation because by the time he arrived at the intersection of College Avenue and West Third Street, Defendant's vehicle was making a right-hand turn from College Avenue onto West Clinton Street (Dkt. 24[3] at 83), fully supports Judge Feldman's conclusion that Officer Zelko's vehicle was not directly behind Defendant's vehicle at the time Officer Raymond observed the traffic violation and, thus, Officer Zelko did not obscure Officer Raymond's line of sight. (Dkt.

---

[3] Docket 24 is the transcript of the continuation of the evidentiary hearing on March 9, 2018. The Court's page reference is to the CM/ECF pagination, as opposed to the transcript's pagination which continues its numbering from the transcript of the first day of the evidentiary hearing.

36 at 25). In other words, this Court concludes that the Government established by a preponderance of the evidence that Officer Raymond observed the vehicle, operated by Defendant, violating Vehicle and Traffic Law § 1163 at the intersection of College Avenue and West Clinton Street, by failing to signal a right-hand turn at least 100 feet before that intersection.

Defendant also argues that Officer Zelko was the officer who initiated the traffic stop—not Officer Raymond—and there is no proof that Officer Zelko initiated the traffic stop due to the traffic violation. (Dkt. 37 at 14-16). There are several problems with Defendant's argument in this regard. First, Defendant's argument misconstrues the nature of the traffic stop—while Officer Zelko was plainly in the lead, the record supports the conclusion that Officer Zelko and Officer Raymond conducted the stop in tandem, with one (Raymond) right behind the other (Zelko) and both approaching Defendant's vehicle simultaneously. (*See* Dkt. 21 at 59-60). Second, Defendant relies extensively on a report apparently prepared by Officer Zelko (designated as "Exhibit T") that was never entered into evidence at the suppression hearing and, therefore, is not part of the record before this Court. In fact, Officer Zelko was never questioned about the report at the suppression hearing. (*See generally* Dkt. 24 at 76-90 (Officer Zelko's testimony)). Third, even assuming that the report was part of the record and supports Defendant's contention that Officer Zelko initiated the stop due to the anonymous complaint about narcotics trafficking, that does not eradicate the fact that the traffic violation observed by Officer Raymond provided a constitutionally-sufficient basis for the traffic stop. Contrary to Defendant's argument that Officer Raymond did not communicate the traffic stop to Officer Zelko, the

record supports a contrary conclusion. Officer Raymond testified that "after noticing that violation, I radioed that violation over the radio to other responding officers. . . ." (Dkt. 21 at 59). Officer Raymond was never challenged on this point at the suppression hearing, and Officer Zelko was never questioned about it. Thus, the preponderance of the evidence supports a conclusion that Officer Raymond's observation of Defendant's violation of the Vehicle and Traffic Law was communicated to Officer Zelko at the time it occurred, and that while the officers' stopping of the vehicle was subjectively motivated by the tip about narcotics trafficking, it was objectively reasonable for the officers to stop the vehicle because of Officer Raymond's observed traffic violation. As a result, there is no Fourth Amendment violation and suppression is not warranted.

## IV. DEFENDANT'S STATEMENTS

Defendant also argues that his alleged statements must be suppressed because (1) the traffic stop was unlawful, and (2) the statements were not preceded by a waiver of Defendant's constitutional rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). (Dkt. 37 at 17-20). Defendant's first point fails for the reasons discussed above. With respect to Defendant's second point, Judge Feldman concluded that Officer Raymond's question to Defendant at the time of the initial stop ("do you have anything on you?") was prompted by an objectively reasonable concern for the safety of the arresting officers. (Dkt. 36 at 29-31). Judge Feldman also concluded that Defendant never invoked his right to remain silent and instead waived his *Miranda* rights by speaking to Officer Marsh at the police station. (*Id.* at 31-33). This Court has conducted a *de novo* review of the record, and based on the reasoning set forth in Judge Feldman's Report and Recommendation, it

finds Defendant's objections unpersuasive and agrees that Defendant's motion to suppress his alleged statements must be denied.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts the Report and Recommendation in its entirety. (Dkt. 36). Based upon the reasons set forth above and for the reasons set forth in the Report and Recommendation, Defendant's motion to suppress (Dkt. 16) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: November 29, 2018
Rochester, New York